# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIO E. SANCHEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　　Respondent. | NO. CV 05-5263 AHM (FMO)<br><br>**ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On July 20, 2005, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On December 16, 2005, respondent filed a Return to the Petition ("Return"). On January 9, 2006, petitioner filed a Traverse to the Return ("Reply"). On June 12, 2008, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and the action dismissed with prejudice. Thereafter, on July 7, 2008, petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

In his Objections relating to Grounds Two and Four of the Petition, petitioner raises new arguments that arguably were not presented to the Magistrate Judge. (See, generally, Petition at 5-6; Reply). The new arguments petitioner raises in his Objections are included in a state court

habeas petition that was attached as an exhibit to the Petition. However, the Petition did not state or indicate that petitioner intended to incorporate any of the claims and/or arguments set forth in his state court habeas petition. (See, generally, Petition at 5-6).

In any event, even assuming, arguendo, that petitioner properly raised the new arguments set forth in his Objections, the Petition must still be denied. First, petitioner contends that he received ineffective assistance of trial counsel because his attorney failed to: (1) meet with him before the commencement of trial; (2) conduct pretrial interviews of the prosecution's witnesses to discover improper identification procedures; (3) have Rosa and Sarah Rosas testify as alibi witnesses; and (4) challenge the photographic identification procedures. (See Objections at 10-13). However, petitioner does not identify any relevant information that was undiscovered or not pursued by counsel due to any alleged failure to consult or communicate with petitioner prior to trial. (See Objections at 10); (Petition, Exh. C at 2-4) (arguing in addendum to state court habeas petition that trial counsel failed to consult with petitioner); see also United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir. 1985) (ineffective assistance claim based on inadequate consultations must factually demonstrate the benefit to be gained from additional consultations).

In addition, to succeed on a claim of ineffective assistance of counsel based upon a failure to investigate or call witnesses, a habeas petitioner must identify the witnesses in question, and state with specificity what those witnesses would have testified to, as well as how the witnesses' testimony might have altered the outcome of the trial. Alcala v. Woodford, 334 F.3d 862, 872-73 (9th Cir. 2003). The petitioner must show that the witnesses in question were actually available and willing to testify. Id. at 872-73. Generally, this requires submission of affidavits from the witnesses themselves. Dows v. Wood, 211 F.3d 480, 486 (9th Cir.), cert. denied, 531 U.S. 908, 121 S.Ct. 254 (2000); see also Bragg v. Galaza, 242 F.3d 1082, 1088 (9th Cir.), as amended by 253 F.3d 1150 (9th Cir. 2001) (mere speculation of possible helpful information from potential witnesses is not sufficient to show ineffective assistance of counsel). Here, petitioner did not provide any declarations from Rosa or Sarah Rosas that they were available and willing to testify and specifically what they would have testified to. (See, generally, Objections at 12; Petition, Exh. C at 11-12).

Second, petitioner asserts that he received ineffective assistance of appellate counsel because his attorney failed to challenge the suggestive identification procedures employed by law enforcement officials and failed to raise trial counsel's failure to call potential alibi witnesses. (See Objections at 18-19). Petitioner's contention is unpersuasive because, even assuming that petitioner's trial counsel should have investigated the prosecution's identification witnesses and that trial and appellate counsel should have challenged the identification procedures, petitioner has not demonstrated any prejudice. As the Magistrate Judge concluded, it is clear that none of the pretrial identifications of petitioner were impermissibly suggestive. (See R&R at 25-26).

Finally, the R&R is hereby amended as follows: at page 21, line 16, replace "relative" with "girlfriend's mother."

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge, as amended above. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: October 30, 2008.

A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE